IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA                                    PLAINTIFF

     VS.                              CASE NO. 4:20-cr-317-JM

MICHAEL MARBLE                                              DEFENDANT

EUGENE CLIFFORD                                             COUNSEL

## RESPONSE TO MOTION TO DISMISS COUNSEL AND MOTION TO WITHDRAW

COMES NOW Eugene Clifford, of the Zenith Law Group, and for his response to Michael Marble's motion to dismiss, states the following:

1. Counsel has received a letter from the Court that he wants to dismiss counsel because he wants a better attorney.   I will reply to the letter one allegation at a time.

   a. Mr. Marble stated that he hasn't met with me but only once regarding this case.   This is incorrect.   I have met with Mr. Marble over a dozen times if not more, as this case was adopted from Faulkner County.   We have never gone more than a month or so without meeting as we regularly have to discuss the case and meet at the Faulkner County Courthouse to discuss the cases. We have also met several times at my office and I have met his wife several times with Mike over the phone.

   b. Mr. Marble states that he doesn't know anything about the deal.   This is incorrect.   I have discussed it with him at least twice in person.   There are entire email chains between the prosecutor and I discussing how Mr. Marble wants to change things or wants to get a slightly better deal.   I also have discussed with him the issues of his misdemeanors and what that may mean for his PSR, which we discussed in detail on how that BOL level is

determined and then the criminal history can increase the amount of time depending on what category he falls under on the chart.

c. Mr. Marble states that he isn't sure how many points the deal he has, that may be correct because I told him what I think it will be, however I did tell him that it can change depending on the PSR.   I estimated that he will likely be at a 17 after all increases and deductions and then depending on his misdemeanors (he has not felony history) his guideline range could change. I gave him a good estimate and a bad estimate of what I think could happen.

d. Mr. Marble states that the gun charges were dropped but still held against him. This is correct.   This is what I discussed with him.   The Government was willing to dismiss the enhancement but on the PSR because a gun was present, it would likely increase his BOL by 2 points, which is also in the agreement that we went over.

e. Mr. Marble states that he could have possibly got probation if he did something.   I will not go into discussions concerning this matter on the record or in the pleadings.

f. Mr. Marble states that I had to google everything.   This is incorrect.   I was not googling as if it was the first-time I was looking at it the issue.   I was using the internet to show him the statutes in writing at to release after a finding of guilty and what they meant.   I also showed him the Federal Sentencing Chart and how it worked.

g. Mr. Marble states that he is blind in this.   This is nearly upsetting to read.   I have been working these cases since March of 2020.   I have discussed with him witness lists, the facts behind the drug charges and the ownership of the guns for years.

h.  Mr. Marble states that he hasn't had any other court dates since his detention hearing that he was released.   This is correct.   I have been working with the Government and Mr. Marble to either get ready for trial or plea this case out. We had two jury trial dates continued.

i.  Mr. Marble states that he didn't know that his trial was August 29th, 2022. This is incorrect.   I have attached messages that tell him that we must meet and discuss the case.   Also, nothing that Mr. Marble went to mandatory rehab from July 17th to August 18th, 2022 so I was having to communicate through his wife, Tiashara Marble. I have also attached the two phone numbers that I have to contact Mr. Marble and his wife over the past two months.

## **MOTION TO WITHDRAW**

1.      Counsel has represented Mr. Marble for over two and half years concerning the facts of this case and to read now that he doesn't believe that I know the facts is disheartening and shocking.

2.      Clearly there is a communication problem with Mr. Marble and I, I don't understand how the letter could possibly be a truthful statement however, I have not know Mr. Marble to lie, so our relationship has deteriorated to the point where we cannot go forward.

3.      Mr. Marble has at this point, with these allegations, made it impossible for me to continue going forward.   Counsel cannot possibly stand trial with Mr. Marble if he believes that I am not capable of doing so, I will need his assistance during the trial and if we don't trust each other, it cannot work.

WHEREFORE, the Defendant requests that this Court grant this Motion to Withdraw and for any such relief the Court sees as just and equitable.

Respectfully Submitted, Defendant

By:     */s/Eugene P. Clifford*
        Eugene P. Clifford (#2012100)
        910 W. 2nd St, Ste. 110
        Little Rock, AR 72201
        (501)404-0515
        (888)501-4077

### **CERTIFICATE OF SERVICE**

I, Eugene Clifford, attorney for the Defendant, hereby state on oath that I have served a true and correct copy of the foregoing on the Federal Prosecutor by hand delivery, fax, or by placing a copy of the same in the United States Mail, postage prepaid.

*/s/Eugene P. Clifford*
Eugene Clifford