UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) 4:20-CR-00317 JM |
| | ) |
| MICHAEL MARBLE | ) |

OMNIBUS MOTION *IN LIMINE*

The United States of America, by and through Jonathan Ross, United States Attorney for the Eastern District of Arkansas, and Bart Dickinson and J. William Crow, Assistant United States Attorneys, for its Omnibus Motion *in Limine* states as follows:

## I. Potential Punishment and Consequences of Conviction

The defense should be prohibited from referring in any way to the potential punishment that he might receive at sentencing or any other consequences that might result from a conviction. In reaching its verdict, the jury may not consider what sentence might be imposed. *Shannon v. United States*, 512 U.S. 573, 579 (1994) (citing *Rogers v. United States*, 422 U.S. 35, 40 (1975)). This principle "is a reflection of the basic division of labor in our legal system between judge and jury. The jury's function is to find the facts and to decide whether, on those facts, the defendant is guilty of the crime charged. The judge, by contrast, imposes sentence on the defendant after the jury has arrived at a guilty verdict." *Id*. at 579; *see also Rogers*, 422 U.S. at 40 (must reach verdict "without regard to what sentence might be imposed").

Consequences of conviction do not bear on any fact at issue and are therefore irrelevant to a defendant's guilt or innocence. *See Rogers*, 422 U.S. at 40 (jury "should reach its verdict without regard to what sentence might be imposed"); *United States v. Delgado*, 914 F.2d 1062, 1067 (8th Cir. 1990) (refusing discussion of mandatory minimum sentence); *United States v. Thomas*, 895

F.2d 1198, 1200 (8th Cir. 1990) ("sentencing procedures or details regarding a defendant's possible punishment are irrelevant to the issues that a federal jury must decide.").

Limitations on examination "calculated to alert the jury to the penalties defendants face on trial" are therefore proper. *See United States v. Cook*, 776 F. Supp. 755, 757 (S.D.N.Y. 1991) (granting motion *in limine*); *United States v. Walton*, 552 F.2d 1354, 1364 (10th Cir. 1977) (upholding exclusion of cross-examination regarding witness's knowledge of penalties for crimes at issue). Also properly excluded are references to any effect a conviction might have on a defendant's family members.

Beyond lacking relevance, *supra*, reference to potential punishment is also objectionable under Federal Rule of Evidence 403. *See Shannon*, 512 U.S. at 579 ("[P]roviding jurors sentencing information invites them to ponder matters that are not within their province, distracts them from their factfinding responsibilities, and creates a strong possibility of confusion."); *United States v. Brewer*, 624 F.3d 900, 907 (8th Cir. 2010) (same); *Thomas*, 895 F.2d at 1200 ("To inform a federal jury about a defendant's punishment would only introduce improper and confusing considerations before it."). Discussion of this kind serves only one goal: to encourage nullification through juror sympathy. *See United States v. Johnson*, 62 F.3d 849, 850-51 (6th Cir. 1995). "The authorities are unequivocal in holding that presenting information to the jury about possible sentencing is prejudicial." *United States v. Reagan*, 694 F.2d 1075, 1080 (7th Cir. 1982). *See also United States v. Manning*, 79 F.3d 212, 219 (1st Cir. 1996); *United States v. Roberts*, 215 F. App'x 842, 846-47 (11th Cir. 2007).

## II. Jury Nullification Generally

Juries are to follow the law in reaching their verdict. Any suggestion that they can or should do otherwise is improper. *See, e.g.*, *United States v. Wiley*, 503 F.2d 106, 107 (8th Cir. 1974) ("To

encourage individuals to make their own determinations as to which laws they will obey and which they will permit themselves as a matter of conscience to disobey is to invite chaos."); *United States v. Carr*, 424 F.3d 213, 220 (2d Cir. 2005) ("We categorically reject the idea that, in a society committed to the rule of law, jury nullification is desirable or that courts may permit it to occur when it is within their authority to prevent."); *United States v. Bruce*, 109 F.3d 323, 327 (7th Cir. 1997) ("Jury nullification…is to be viewed as an aberration under our system."); *United States v. Muse*, 83 F.3d 672, 677 (4th Cir. 1996) ("defendant is not entitled to inform the jury that it can acquit him on grounds other than the facts in evidence"); *United States v. Sepulveda*, 15 F.3d 1161, 1190 (1st Cir. 1993) ("A trial judge ... may block defense attorneys' attempts to serenade a jury with the siren song of nullification."); *Cave v. Singletary*, 971 F.2d 1513, 1518 (11th Cir. 1992) ("defense counsel may not encourage the jurors to ignore the court's instruction and apply the law at their caprice"); *United States v. Trujillo*, 714 F.2d 102, 106 (11th Cir. 1983) ("defense counsel may not argue jury nullification during closing argument").

Argument that the jury should base its decision on anything other than the facts in evidence should be prohibited. This encompasses attempts by the defense (particularly during closing) to invoke Defendant's family obligations, faith, career, health, or other irrelevant topics that prey upon jury sympathy. Jury nullification is "not a 'right' belonging to the defendant, much less a substantial right." *United States v. Horsman*, 114 F.3d 822, 829 (8th Cir. 1997) (quoting *United States v. Gonzalez*, 110 F.3d 936, 947-48 (2d Cir. 1997)).

Also improper is defense counsel's own opinion of or experience with Defendant. It is improper for a prosecutor to offer his or her opinion about a defendant. *See United States v. Sigillito*, 759 F.3d 913, 936 (8th Cir. 2014). By the same token, any reference to defense counsel's personal opinion of a defendant or her experiences with a defendant are similarly improper unless

3

counsel takes the stand. *See Parker v. Allen*, 565 F.3d 1258, 1273 (11th Cir. 2009) ("counsel have a duty to refrain from commenting on their personal views on a defendant's guilt and the evidence.").

### III. Plea Negotiations

Reference to any plea negotiations, plea offers, or rejected plea deals is impermissible. "Meaningful dialogue between the parties would…be impossible if either party had to assume the risk that plea offers would be admissible in evidence." *United States v. Verdoorn*, 528 F.2d 103, 107. Courts therefore prohibit any attempt to elicit such evidence. *See id.*; *United States v. Alexander*, 679 F.3d 721, 732 (8th Cir. 2012) (upholding refusal to admit evidence of plea offer); *United States v. Greene*, 995 F.2d 793, 798 (8th Cir. 1993) (upholding refusal to admit evidence of plea offer to show "consciousness of innocence" and explaining *Verdoorn* "has settled the matter in our circuit").

### IV. Undisclosed Evidence

Upon request of the defendant, the United States provided initial discovery to the defendant on August 19, 2021. The United States has also provided supplemental discovery. Additionally, defense counsel visited the U.S. Attorney's Office to review additional material on September 2, 2022.

Federal Rule of Criminal Procedure 16(b) imposes a reciprocal duty upon defendants to disclose any material to be used in their case in chief. *See id.* 16(b)(1)(A)(ii). When defendants ignore reciprocal discovery obligations, district courts may "prohibit that party from introducing the undisclosed evidence[.]" *Id*. 16(d)(2)(C).

The United States has requested reciprocal discovery. The defendant, however, has produced nothing. Out of an abundance of caution, the United States asks the Court to bar any

evidence presented during the defendant's case-in-chief that is not produced well before trial. *See Taylor v. Illinois*, 484 U.S. 400, 415 (1988) (failure to meet discovery request justified exclusion of defendant's evidence); *United States v. Urena*, 659 F.3d 903, 908-09 (9th Cir. 2011) ("unquestioned discretionary power to exclude evidence that should have been produced in reciprocal discovery."); *United States v. Moore*, 208 F.3d 577, 578 (7th Cir. 2000) ("entitled to exclude evidence that should have been produced during reciprocal discovery"); *United States v. Scholl*, 166 F.3d 964, 972 (9th Cir. 1999) (affirming exclusion of evidence not produced).

Furthermore, attempts to evade reciprocal discovery obligations on the ground that the defendant is "rebutting" proof offered by the United States are inappropriate. Defendant's case-in-chief is the opportunity for rebuttal. Lying in wait to spring discovery until after the United States rests is improper and risks delaying an already lengthy trial. Therefore, the United States objects to the admission of anything not disclosed well in advance of trial.

## V.     Legal Issues

The defendant has not filed a motion to suppress in this case, nor any motions that allege any type of constitutional or legal violation by the government or any of its agents. If he were to raise any such arguments, that would be a legal issue for the Court to decide. *See United States v. Fincher*, 538 F.3d 868, 872 (8th Cir. 2008) ("The role of the jury is to decide facts, not legal issues.") Therefore, the defendant should be prohibited from making any argument in front of the jury that his constitutional or legal rights were violated or that anything about the searches and seizures conducted by the government agents or the statements that government agents took from the defendant were in any way illegal or improper.

## VI.     Conclusion

For the foregoing reasons, the United States respectfully requests that this Court (i) bar the defendant from referencing any potential punishment he might receive as a result of a conviction; (ii) bar the defendant from making any argument that raises the potential for jury nullification; (iii) bar the defendant from making any references to the plea negotiations in this case; (iv) bar the defendant from presenting any evidence that has not been disclosed to the United States well before trial; and, (v) bar the defendant from raising any legal issues before the jury that should properly be decided by the Court.

                                                        Respectfully submitted,

                                                        JONATHAN D. ROSS
                                                        United States Attorney

                                                        J. WILLIAM CROW (2008170)
                                                        BART DICKINSON (1998143)
                                                        Assistant United States Attorneys
                                                        P.O. Box 1229
                                                        Little Rock, Arkansas 72203
                                                        (501) 340-2600
                                                        will.crow@usdoj.gov
                                                        bart.dickinson@usdoj.gov