UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | )   4:20-CR-00317 JM |
| | ) |
| MICHAEL MARBLE | ) |

NOTICE OF INTENT TO PRESENT EVIDENCE
OR IN THE ALTERNATIVE, NOTICE TO USE RULE 404(b) EVIDENCE

The United States of America, by and through Johnathan D. Ross, United States Attorney for the Eastern District of Arkansas, and Bart Dickinson, Assistant United States Attorneys, hereby gives formal notice of its intent to present evidence or, in the alternative, to present evidence pursuant to Federal Rule of Evidence 404(b).

**Relevant Facts**

The Defendant is charged with three counts of Distribution of Methamphetamine, one count of Possession with Intent to Distribute Methamphetamine, and Possession of a Firearm in Furtherance of Drug Trafficking. Evidence presented at trial will show that on July 29, 2019, July 31, 2019, and August 5, 2019, the defendant made deliveries to methamphetamine to a confidential source working with the Conway Police Department. Thereafter, on August 16, 2019, Conway Police executed a search warrant on the home of the defendant. During the execution of the search warrant, numerous items of contraband and narcotics were found. Along with methamphetamine that is the basis for the search warrant and is charged in Count 5 of the Indictment, officers also observed other items of potential drugs and drug paraphernalia in the defendant's residence.

Several days after the defendant was arrested on state charges stemming from the investigation and the search of his home, the defendant agreed to work as a cooperating source for

the Conway Police Department. On August 28, 2019, the defendant agreed to make a controlled purchase of marijuana for the Conway Police Department. The defendant was terminated as a cooperating source because he stole "buy funds" from the Conway Police Department and admitted to doing so when questioned by law enforcement.

### Evidence that other suspected controlled substances and drug paraphernalia was present at the defendant's house when the search warrant was executed is intrinsic evidence of the charged crime.

"Evidence of other wrongful conduct is considered intrinsic when it is offered for the purpose of providing the context in which the charged crime occurred. Such evidence is admitted because the other crime evidence completes the story or provides a total picture of the charged crime." *United States v. Brooks*, 715 F.3d 1069, 1076 (8th Cir. 2013) *quoting United States v. Johnson*, 463 F.3d 803, 808 (8th Cir. 2006). Being able to tell a complete story correctly frames the facts and provides the trier of fact a clear picture of the course of events. "It is well established that where evidence of another crime is so intertwined with the offense of conviction that proof of one incidentally involves the other or explains the circumstances of the other, it is not extrinsic." *United States v. Molina*, 172 F.3d 1048, 1055 (8th Cir. 1999).

Evidence of the other drugs and drug paraphernalia inside the defendant's home during the execution of the search warrant is relevant and material to the United States case and is evidence that should be received by the trier of fact.

### Federal Rule of Evidence 404(b) permits the introduction of the evidence

In the alternative, the United States provides notice that the evidence could alternatively be admissible pursuant to Federal Rule of Evidence 404(b. Federal Rule of Evidence 404(b) provides, in pertinent part:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

To be admissible under Rule 404(b), a prior act "must be (1) relevant to a material issue; (2) similar in kind and not overly remote in time to the crime charged; (3) supported by sufficient evidence; and (4) higher in probative value than prejudicial effect." *United States v. Williams*, 534 F.3d 980, 984 (8th Cir. 2008). "The rule is one of inclusion, 'such that evidence offered for permissible purposes is presumed admissible absent a contrary determination.'" *United States v. Cowling*, 648 F.3d 690, 699 (8th Cir. 2011) (quoting in part *United States v. Johnson*, 439 F.3d 947, 952 (8th Cir. 2006)).

In the instant case, the facts suggest that the defendant was engaged in the possession of methamphetamine for distribution and firearms in furtherance of trafficking a controlled substance. Other suspected narcotics, drug paraphernalia, and ammunition were found during the search of the defendant's home along with the methamphetamine and firearms charged in the Indictment. The uncharged contraband was found in the same location and may be observable in crime scene photographs along with methamphetamine and firearms. Although the United States does not intend to introduce other suspected narcotics in the case, those narcotics are in fact relevant and drug paraphernalia such as scales and baggies are relevant to the distribution of methamphetamine. Ammunition is also relevant to the possession of firearms while engaged in drug trafficking. Any Rule 403 concerns about undue prejudice or confusion are adequately addressed through limiting instructions. *United States v. Halk*, 634 F.3d 482, 487 (8th Cir. 2011) *United States v. Oaks*, 606 F.3d 530, 539 (8th Cir. 2010).

### **The United States should also be allowed to introduce evidence that the defendant worked as a cooperating source**

The defendant's participation with the Conway Police Department as a cooperating source is probative of his consciousness of guilt of the charged counts in the Indictment, and also shows his knowledge and understanding of drug trafficking generally. Conway Police Department officers will testify that Marble signed up in order to "work off" his pending charges, which were later adopted and indicted in this federal case. Officers will also testify that they only sign people up to become cooperating sources in narcotics investigations if they have a detailed knowledge of the narcotics trade.

The proposed evidence here does not fit into traditional Rule 404(b) evidence in that it is evidence of a positive"act" rather than a negative "crime" or "wrong." It is evidence that the defendant worked, or at least agreed to work, with state law enforcement to enforce state drug laws. Accordingly, the introduction of this evidence does not prejudice the defendant. It does however prove both that the defendant believed he had done something bad enough in the charged conduct that he needed to "work off" any punishment he might receive and that he felt comfortable enough with the drug trade that he could conduct controlled purchases of narcotics for the police and appear authentic to the intended targets.

This evidence shows that his intent in possessing the drugs he was found with was to sell them, that he would have had the knowledge of how to conduct himself when selling them, and that it is highly unlikely that he was simply found with narcotics by mistake or accident. The evidence is (1) relevant because all of the charges relate to drug trafficking, it is (2) not only similar to the charged conduct but directly related to the charged conduct both in time and subject matter, it is (3) supported by the evidence of the officers who actually signed him up to serve as a

cooperating source, and (4) has no prejudicial effect because it is not a "bad act." *See Williams*, 534 F.3d at 984. Accordingly it should be admitted.

## Conclusion

The information, testimony and evidence regarding the possession of a other controlled substances, drug paraphernalia and ammunition by the defendant is intrinsic evidence to possession of a firearm and ammunition by the defendant. In the alternative, Federal Rule of Evidence 404(b) permits introduction of the referenced material. The information, testimony, and evidence regarding the defendant's attempts to work as a cooperating source with the Conway Police Department are admissible as 404(b) evidence.

Respectfully submitted,

Bart Dickinson
Ark. Bar #98143
Assistant United States Attorney
P.O. Box 1229
Little Rock, AR  72203
501-340-2600
Bart.dickinson@usdoj.gov