IN THE UNITED STATES DISTRCIT COURT
EASTERN DISTRICT OF ARKANSAS

UNITED STATES OF AMERICA                                       Plaintiff

v.                                  No. 20-317

MICHAEL MARBLE                                                 Defendant

## MOTION TO SUPPRESS PHYSICAL EVIDENCE SEIZED PURSUANT TO INVALID SEARCH WARRANT WITH INCORPORATED BRIEF

COMES NOW the Defendant by and through his attorney Eugene Clifford, and for his motion to suppress physical evidence, states:

1. On or about August 1st, 2019, a search warrant was signed by a magistrate in Faulkner County for a search of 406 S. Ash St. Conway AR.

2. The evidence seized should be suppressed for two reasons and the good faith exception should not apply.

### THE WARRANT HAD EXPIRED AND IS INVALID

3. The magistrate in his Search Warrant states "Execution of this Search Warrant will be completed within fifteen (15) days of the signed date. The signed date is August 1st, 2019, the search was conducted on the 16th of August. Sixteen (16) days after the signature of the judge. The search warrant used to search 406 Ash St. was no longer a valid search warrant and all evidence should be suppressed. Search Warrant attached as Ex. A.

### LACK OF PROBABLE CAUSE AND NO BASIS TO BELIEVE THIS CI IS RELIABLE

4. The initial search warrant presented was based on an affidavit that was insufficient as a matter of law and was therefore invalid. The affidavit contains no facts that would create probable cause that contraband was located inside Marble's property. All the facts in the affidavit regarding purported drug distribution revolve around one confidential informant's information about Mr. Marble. No corroboration was even attempted, and the affiant did not make any indicia that the Confidential Informant was reliable in his affidavit. Search warrants

must have more than just the word of a confidential informant to violate one's constitutional rights if there is no indication in the search warrant that the confidential informant is reliable. The affidavit is attached here as Ex. B.

5. This Court has "repeatedly held that " '[t]he statements of a reliable confidential informant are themselves sufficient to support probable cause for a search warrant' " and that " '[t]he reliability of a confidential informant can be established if the person has a history of providing law enforcement officials with truthful information.' " United States v. Formaro, 152 F.3d 768, 770 (8th Cir.1998) (quoting *United States v. Wright*, 145 F.3d 972, 974-75 (8th Cir.), cert. denied, --- U.S. ----, 119 S.Ct. 272, 142 L.Ed.2d 224 (1998)). U.S. v. Goodson, 165 F.3d 610 (8th Cir. 1999).

6. However, in this case there is no information that indicates this confidential informant is reliable. In fact, there is information that he is not reliable. This CI was brought in by officer Jeran Smith to conduct controlled buys for the Conway police department in 2017. The CI conducted one, maybe two controlled buys with no outcome that indicates that the CI was reliable. Then, Officer Jeran Smith used another CI to do a controlled buy from the CI in this case. The CI in this case was still selling drugs while he was a CI with Jeran Smith, yet Officer Smith omits any information that this has occurred in his affidavit. Therefore, this CI could not be seen as credible or reliable, and without any corroboration of what the CI says was going on in the home, there is no probable cause sufficient to justify a search warrant. The felony information regarding the CI in this case is redacted and attached as Ex. C.

7. Also noting that the videos taken by the CI show almost nothing in them. In three videos of about 30 minutes each, there are no drug transactions shown, drugs are mentioned maybe a hand full of times and Michael Marble is seen at most three times in around an hour and half of footage of these buys. In reviewing these videos, no reasonable person could conclude that a drug deal was even going on and could never indicate who is purchasing what and from whom. There is truly nothing but the word of this CI that was just arrested for selling drugs while he was a CI for the officer that

signed this warrant and the CI is motivated to "work off" his charges, i.e. to do whatever it takes and say whatever he needs to say to not go to prison.

8. The fact that the same officer that initially signed up the CI in this case, had him arrested, then didn't include that in the affidavit for this search warrant shows that any good faith exception should not be granted.

9. The 'good-faith exception' articulated in *United States v. Leon*, 468 U.S. 897 (1984), provides that disputed evidence will nonetheless be admitted "if it was objectively reasonable for the officer executing a search warrant to have relied in good faith on the judge's determination that there was probable cause to issue the warrant." *Mayweather*, 993 F.3d at 1041 (quoting *United States v. Moya*, 690 F.3d 944, 948 (8th Cir. 2012).

10. In this case, the officer that executed the warrant is the same officer that omitted from the affidavit, that was signed by the judge, that he had just arrested this CI. Therefore, the good-faith exception should not be gifted for an officer that purposely omitted that he had just arrested this CI for selling drugs.

11. Also, this warrant sat on officer Jeran Smith's desk for over two weeks without serving it, and the timeframe, 15 days, expired before serving the warrant and searching the home, another reason not to gift the good-faith exception.

12. Therefore, due to the officer omitting vital facts that indicate this CI is not trustworthy, without any indication that this CI is reliable, and no corroboration, and letting the warrant expire, this warrant and the evidence seized in its name should be suppressed and the good faith exception should not be allowed to save it.

13. By reason of the foregoing, said search and seizure was unreasonable and in violation of the Fourth Amendment to the United States Constitution.

WHEREFORE, the Defendant moves this Court to suppress the introduction into evidence by the State of any such illegally obtained items or information, or the fruits of such illegal search and/or seizure.

Respectfully submitted,

*/s/Eugene Clifford*
Eugene Clifford (#2012100)
1014 W. 3rd St.
Little Rock, AR 72201
(501)404-0515
(888)501-4077
Epclifford@zenithlaw.net

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was delivered via eFiling and by electronic transmission to the US attorney's office.

*/s/Eugene Clifford*