IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA                                              PLAINTIFF

VS.                        CASE NO. 4:20-cr-317-JM

MICHAEL MARBLE                                                        DEFENDANT

### RESPONSE TO NOTICE OF INTENT TO PRESENT EVIDENCE or IN THE ALTERNATIVE ADMIT EVIDENCE UNDER 404(b) and INCORPORATED BRIEF or IN THE ALTERNATIVE ITS OWN MOTION IN LIMINE TO EXCLUDE EVIDENCE

COMES NOW the Defendant and for his response to the Motion to enter 404(b) evidence, states as follows:

1. Defendant agrees the surrounding paraphernalia and other objects are intrinsic to the crimes and can be allowed.

2. However, the evidence of "working off" the charges is not intrinsic and fails to be admissible of 404(b) and should be disallowed due to Rule 403.

3. Intrinsic evidence provides "the context in which the charged crime occurred." United States v. Johnson, 463 F.3d 803, 808 (8th Cir. 2006). It can "complete[] the story" of the crime, id. (quotation marks omitted), or "logically . . . prove any element of the crime charged," United States v. Jackson, 913 F.3d 789, 792 (8th Cir. 2019) (quotation marks omitted). And in some circumstances, we have concluded that even consciousness-of-guilt evidence, like threatening a witness, can be intrinsic too. See United States v. Skarda, 845 F.3d 370, 378 (8th Cir. 2016). United States v. Vaca (8th Cir. 2022).

4. Here in this case, the evidence that he wanted "work off" the charges does not provide any context.  Mr. Marble never actually attempted to "work off" the charges.  Mr. Marble took the officer's money and never committed any overt act to "work off" his charges. This shows if anything that he did not have any consciousness of guilt but, needed money.  The Government wishes to enter evidence that Michael Marble attempted to "work off" the charges.

This evidence is not intrinsic, it is extrinsic and should not be allowed under 404(b) and 403 Rules of Evidence.

5. The Government should not be able to enter the evidence under 404(b) because the evidence because it occurred after the allegations at hand. If the evidence occurred after the allegations, it cannot prove proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. Mr. Marble did not "work off" the charges and cannot be accepted as consciousness of guilt.

6. The Government likely wants the jury to hear this information because it casts Mr. Marble in a bad light by stealing money from officers.

7. Even if the Government does not intend on casting Mr. Marble in a bad light, the jury would be substantially prejudiced, without any probative value to these allegations, to find out that Mr. Marble stole money from officers after these allegations and could be convinced that Mr. Marble is a bad person and the defense would have to spend time defending this action which takes away defending the current allegations and confuses the jury about what the allegations should actually be in this trial.

8. For the foregoing reasons the evidence that Mr. Marble stole money from officers when they gave him the opportunity to "work off" the charges should be disallowed from trial.

WHEREFORE, the Defendant requests that this Court deny this evidence from entering trial under the Notice of Intent to Enter or Defenses Motion in Limine and for any such relief the Court sees as just and equitable.

Respectfully Submitted, Defendant

By: */s/Eugene P. Clifford*
Eugene P. Clifford (#2012100)
1014 W. 3rd St.
Little Rock, AR 72201
(501)404-0515
(888)501-4077

## **CERTIFICATE OF SERVICE**

I, Eugene Clifford, attorney for the Defendant, hereby state on oath that I have served a true and correct copy of the foregoing on the Federal Prosecutor by hand delivery, fax, or by placing a copy of the same in the United States Mail, postage prepaid.

*/s/Eugene P. Clifford*
Eugene Clifford
