UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 4:20-CR-00317 JM |
| | ) | |
| MICHAEL MARBLE | ) | |

RESPONSE TO MOTION TO SUPPRESS

The United States of America, by and through Jonathan Ross, United States Attorney for the Eastern District of Arkansas, and Bart Dickinson and J. William Crow, Assistant United States Attorneys, for its Response to the Defendant's Motion to Suppress (DE 40), states as follows:

The motion to suppress should be denied because the search warrant was executed in a timely manner as directed by the issuing judge and the search warrant affidavit contained probable cause sufficient to support the issuance of the warrant.

**FACTS AND PROCEDURAL POSTURE**

It is undisputed that the search warrant was issued on August 1, 2019, and it was executed on August 16, 2019. The facts supporting probable cause for the issuance of the search warrant are found in the Witness Affidavit for Search Warrant, previously attached to the Defendant's motion as DE 40-2. These are the only facts the Court should consider when determining whether the search warrant was supported by probable cause. *See United States v. Solomon*, 432 F.3d 824, 827 (8th Cir. 2005) ("When the [issuing judge] relied solely upon the supporting affidavit to issue the warrant, only that information which is found within the four corners of the affidavit may be considered in determining the existence of probable cause.'") quoting *United States v. Etheridge*, 165 F.3d 655, 656 (8th Cir. 1999). The United States incorporates by reference all the factual assertions in the affidavit.

As noted in its Omnibus Motion in Limine (DE 33), the United States provided discovery to the Defendant over a year ago, on August 19, 2021. That discovery included the Witness Affidavit, Search Warrant, and all related investigatory documents. The defendant indicated that he intended to plead guilty in this case until he changed his mind at his scheduled change of plea hearing set for August 26, 2022. *See* (DE 31). Neither the United States nor the defense anticipated that the identity of the confidential informant ("CI") would be relevant until that date.

The United States revealed the identity of the confidential informant ("CI") to the defense on August 31, 2022. The defense reviewed footage recorded by the CI while conducting controlled purchases of methamphetamine from the defendant on September 2, 2022, and the United States disclosed the Conway Police Department ("CPD") case file on the CI on September 7, 2022.

## LAW AND ANALYSIS

I. **Timeliness**

Valid state search warrants are lawfully obtained for federal purposes so long as they satisfy constitutional requirements. *See United States v. Brewer*, 588 F.3d 1165, 1172 (8th Cir. 2009). Under Arkansas law, "the issuing judicial officer may, by appropriate provision in the warrant, authorize its execution at any time, day or night, and within a reasonable time not to exceed sixty (60) days from the date of issuance." Ark. R. Crim. P. 13.2. Further, Ark. R. Crim. P. 1.4 provides that any period of time specified in a court order of more than 24 hours shall exclude any "Saturday, Sunday, or state or federal legal holiday" from computation.

In this case, the issuing state judge signed the search warrant on August 1, 2019, and ordered that it be executed "within fifteen (15) days of signed date." *See* DE 40-1. The search warrant was executed within 15 days, with the execution occurring on August 16, 2019. The execution of the search warrant was timely.

II.     **Probable Cause and Reliability of CI**

Probable cause exists when the warrant affidavit sets forth facts which would lead a prudent person to believe that there is a fair probability contraband will be found in a particular place. *Illinois v. Gates*, 462 U.S. 213, 238, 76 L. Ed. 2d 527, 103 S. Ct. 2317 (1983). The existence of probable cause is a fluid, nontechnical judgment made after a "'practical, commonsense' evaluation of the 'totality of the circumstances.'" *United States v. Reivich*, 793 F.2d 957, 959 (8th Cir. 1986) (quoting *Gates*, 462 U.S. at 238). "[E]ven if we entertain some doubt as to an informant's motives, his explicit and detailed description of alleged wrongdoing, along with a statement that the event was observed firsthand, entitles his tip to greater weight than might otherwise be the case." *Gates*, 462 U.S. at 234. "[P]robable cause is not defeated by a failure to inform the magistrate judge of an informant's criminal history if the informant's information is at least partly corroborated." *United States v. Williams*, 477 F.3d 554, 559-60 (8th Cir. 2007).

Here, the police were able to corroborate firsthand all the CI's information. The CI told police that Michael Marble was a drug dealer who lived on South Ash Street. He then conducted two separate controlled buys of methamphetamine from Marble at 406 South Ash Street. The police searched the CI before and after both buys and kept the CI under visual surveillance the entire time. The CI then provided the methamphetamine to police. The search warrant is supported by probable cause and the motion to suppress should be denied.

### III.     Conclusion

For the foregoing reasons, the United States respectfully requests that this Court deny the Defendant's Motion to Suppress.

Respectfully submitted,

JONATHAN D. ROSS
United States Attorney

J. WILLIAM CROW (2008170)
BART DICKINSON (1998143)
Assistant United States Attorneys
P.O. Box 1229
Little Rock, Arkansas 72203
(501) 340-2600
will.crow@usdoj.gov
bart.dickinson@usdoj.gov