IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | )   No. 4:20CR00317 JM |
| | ) |
| MICHAEL MARBLE | ) |

## JURY INSTRUCTIONS

## JURY INSTRUCTION NO. 1

Members of the jury, the instructions I gave you at the beginning of the trial and during the trial remain in effect. I now give you some additional instructions.

You must, of course, continue to follow the instructions I gave you earlier, as well as those I give you now. You must not single out some instructions and ignore others, because *all* are important. This is true even though some of those I gave you at the beginning of trial are not repeated here.

The instructions I am about to give you now are in writing and will be available to you in the jury room. I emphasize, however, that this does not mean they are more important than my earlier instructions. Again, *all* instructions, whenever given and whether in writing or not, must be followed.

## JURY INSTRUCTION NO. 2

It is your duty to find from the evidence what the facts are. You will then apply the law, as I give it to you, to those facts. You must follow my instructions on the law, even if you thought the law was different or should be different.

You should not be influenced by any person's race, color, ethnicity, national origin, religion, gender, gender identity, sexual orientation, disability, or economic circumstances. You must decide the case solely on the evidence and the law before you and must not be influenced by any personal likes or dislikes, opinions, prejudices, sympathy, or biases, including unconscious bias. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may express without conscious awareness, control, or intention. Like conscious bias, unconscious bias, too, can affect how we evaluate information and make decisions.

The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as I give it to you.

## JURY INSTRUCTION NO. 3

I have mentioned the word evidence. The evidence in this case consists of the testimony of witnesses, the documents and other things received as exhibits, the facts that have been stipulated – this is, formally agreed to by the parties,

You may use reason and common sense to draw deductions or conclusions from facts which have been established by the evidence in the case.

Certain things are not evidence. I will list those things again for you now:

1. Statements, arguments, questions and comments by lawyers representing the parties in the case are not evidence.

2. Objections are not evidence. Lawyers have a right to object when they believe something is improper. You should not be influenced by the objection. If I sustained an objection to a question, you must ignore the question and must not try to guess what the answer might have been.

3. Testimony that I struck from the record, or told you to disregard, is not evidence and must not be considered.

4. Anything you saw or heard about this case outside the courtroom is not evidence.

Finally, if you were instructed that some evidence was received for a limited purpose only, you must follow that instruction.

## JURY INSTRUCTION NO. 4

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony to believe, consider the witness's intelligence, the opportunity the witness had to have seen or heard the things testified about, the witness' memory, any motives that witness may have for testifying a certain way, the manner of the witness while testifying, whether that witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with any evidence that you believe.

In deciding whether to believe a witness, keep in mind that people sometimes hear or see things differently and sometimes forget things. You need to consider therefore whether a contradiction is an innocent misrecollection or lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or only a small detail.

## JURY INSTRUCTION NO. 5

You have heard that the witness Brad Dolls has pleaded guilty to a crime which arose out of the same events for which the defendant is on trial here. You must not consider that guilty plea as any evidence of this defendant's guilt. You may consider that witness' guilty plea only for the purpose of determining how much, if at all, to rely upon his testimony.

## JURY INSTRUCTION NO. 6

You have heard that the witness, Jamar Hemphill was once convicted of a crime. You may use that evidence only to help you decide whether to believe the witness and how much weight to give his testimony.

## JURY INSTRUCTION NO. 7

Reasonable doubt is doubt based upon reason and common sense, and not doubt based on speculation. A reasonable doubt may arise from careful and impartial consideration of all the evidence, or from a lack of evidence. Proof beyond a reasonable doubt is proof of such a convincing character that a reasonable person, after careful consideration, would not hesitate to rely and act upon that proof in life's most important decisions. Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt.

## JURY INSTRUCTION NO. 8

The Indictment in this case charges the defendant with five different crimes. Counts 1, 2 and 3 charge that the defendant committed the crime of distribution of a mixture and substance containing a detectable amount of methamphetamine on three different occasions. Count 4 charges the defendant with possession with intent to distribute a mixture and substance containing a detectable amount of methamphetamine. Count 5 charges that the defendant possessed a firearm in furtherance of a drug trafficking crime.

The defendant has pleaded not guilty to each of those charges.

The Indictment is simply the document that formally charges the defendant with the crimes for which he is on trial. The Indictment is not evidence. At the beginning of the trial, I instructed you that you must presume the defendant to be innocent. Thus, the defendant began the trial with a clean slate, with no evidence against him.

The presumption of innocence alone is sufficient to find the defendant not guilty and can be overcome only if the government proved during the trial, beyond a reasonable doubt, each element of a crime charged.

Keep in mind that each count charges a separate crime. You must consider each count separately, and return a separate verdict for each count.

There is no burden upon a defendant to prove that he or she is innocent. Instead, the burden of proof remains on the government throughout the trial. The fact that the defendant did not testify must not be considered by you in any way, or even discussed, in arriving at your verdicts.

## JURY INSTRUCTION NO. 9

The crimes of distributing methamphetamine as charged in Counts 1, 2 and 3 of the Indictment, have two elements, which are:

**One**, the defendant intentionally transferred a controlled substance, that is, a mixture or substance containing a detectable amount of methamphetamine; and

**Two**, at the time of the transfer, the defendant knew that it was a controlled substance.

If you find these elements unanimously and beyond a reasonable doubt, then you must find the defendant guilty of distribution of methamphetamine. Otherwise, you must find the defendant not guilty. Record your determination on the Verdict Form.

You are instructed that methamphetamine is a Schedule II controlled substance.

## JURY INSTRUCTION NO. 10

The crime of possession with intent to distribute methamphetamine as charged in Count 4 of the Indictment, has three elements, which are:

**One**, the defendant was in possession of a controlled substance, that is, a mixture or substance containing a detectable amount of methamphetamine;

**Two**, the defendant knew that he was in possession of a controlled substance; and

**Three**, the defendant intended to distribute some or all of the controlled substance to another person.

If you find these three elements unanimously and beyond a reasonable doubt, then you must find the defendant guilty of the crime of possession of methamphetamine with intent to distribute methamphetamine. Otherwise, you must find the defendant not guilty. Record your determination on the Verdict Form.

You are instructed that methamphetamine (actual) is a Schedule II controlled substance.

## JURY INSTRUCTION NO. 11

The crime of possessing a firearm in furtherance of a drug trafficking crime, as charged in Count 5 of the Indictment, has two elements, which are:

**One**, the defendant committed the crime of possession of methamphetamine with intent to distribute, as charged in Count 4 of the Indictment; and

**Two**, the defendant knowingly possessed a firearm in furtherance of that crime.

The phrase "in furtherance of" should be given its plain meaning, that is the act of furthering, advancing, or helping forward. The phrase "in furtherance of" is a requirement that the defendant possess the firearm with the intent that it advance, assist, or help commit the crime, not that it actually did so.

If you find these two elements unanimously and beyond a reasonable doubt, then you must find the defendant guilty of the crime of possessing a firearm in furtherance of a drug trafficking crime. Otherwise, you must find the defendant not guilty. Record your determination on the Verdict Form.

## JURY INSTRUCTION NO. 12

The law recognizes several kinds of possession. A person may have actual possession or constructive possession. A person may have sole or joint possession.

A person who knowingly has direct physical control over a thing, at a given time, is then in actual possession of it.

A person who, although not in actual possession, has both the power and the intention at a given time to exercise dominion or control over a thing, either directly or through another person or persons, is then in constructive possession of it.

If one person alone has actual or constructive possession of a thing, possession is sole. If two or more persons share actual or constructive possession of a thing, possession is joint.

Whenever the word "possession" has been used in these instructions it includes actual as well as constructive possession and also sole as well as joint possession.

# JURY INSTRUCTION NO. 13

Intent or knowledge may be proved like anything else. You may consider any statements made and acts done by the defendant, and all the facts and circumstances in evidence which may aid in a determination of the defendant's knowledge or intent.

## JURY INSTRUCTION NO. 14

You will note the Indictment charges that the offenses were committed "on or about" a certain date. The proof need not establish with certainty the exact date of the alleged offense. It is sufficient if the evidence in the case establishes beyond a reasonable doubt that the offense was committed on a date reasonably near that date alleged.

## JURY INSTRUCTION NO. 15

In conducting your deliberations and returning your verdict, there are certain rules you must follow. I will list those rules for you now.

*First*, when you go to the jury room, you must select one of your members as your foreperson. That person will preside over your discussions and speak for you here in court.

*Second*, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement if you can do so without violence to individual judgment, because a verdict—whether guilty or not guilty—must be unanimous.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or simply to reach a verdict.

*Third*, if the defendant is found guilty, the sentence to be imposed is my responsibility. You may not consider punishment in any way in deciding whether the government has proved its case beyond a reasonable doubt.

*Fourth*, if you need to communicate with me during your deliberations, you may send a note to me through the marshal or bailiff, signed by one or more jurors. I will respond as soon as possible either in writing or orally in open court. Remember that you should not tell anyone— including me—how your votes stand numerically.

*Fifth*, your verdict must be based solely on the evidence and on the law which I have given to you in my instructions. The verdict whether guilty or not guilty must be unanimous. Nothing I

have said or done is intended to suggest what your verdict should be—that is entirely for you to decide.

*Finally*, the verdict forms are simply the written notice of the decision that you reach in this case. The forms read: (read form). You will take these forms to the jury room, and when each of you has agreed on the verdicts, your foreperson will fill in the forms, sign and date them, and advise the courtroom security officer that you are ready to return to the courtroom.